IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____FILED _____ENTERED
_____LODGED _____RECEIVED

SEP 2 4 2007

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

| | |
|---|---|
| **EDDY GUIGUI SHALEV**, *et al.*, | * |
| Petitioners, | * |
| v. | * |
| | * Civil No. PJM 07 CV 256 |
| **ALBERTO GONZALES** | * |
| **UNITED STATES ATTORNEY** | * |
| **GENERAL**, et al., | * |
| Respondents | * |

## <u>MEMORANDUM OPINION</u>

Petitioner Eddy Guigui Shalev, a non-permanent resident of the United States residing in Rockville, Maryland, seeks to become a legal permanent resident. On June 5, 2005, he filed the appropriate I-485 application for adjustment of status with the United States Citizenship and Immigration Services (USCIS) pursuant to Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. 1255(a). To date, USCIS has not adjudicated his application. In this action, Shalev and his wife and Co-Petitioner, Meryl A. Kessler, seek mandamus relief under 28 U.S.C. § 1361 as well as relief under the Administrative Procedures Act, 5 U.S.C. § 555 and 702 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Equal Access to Justice Act, 5 U.S.C. § 504

and 28 U.S.C. § 2412. Specifically, Petitioners seek an order (1) compelling the USCIS to adjudicate the I-485 application[1] and (2) awarding them reasonable attorneys fees.

Respondents, the Attorney General, et al., have filed a Motion to Dismiss on the ground that the Court lacks subject matter jurisdiction to grant the relief requested by Petitioners. The Court agrees with Respondents.

Judge Chasanow of this Court recently issued an opinion addressing the precise issues raised in the present case, in which she concludes that 8 U.S.C. § 1252(a)(2)(B)(ii), of the Immigration and Nationality Act, precludes a district court from exercising jurisdiction to compel agency action on a pending adjustment of status application under either the mandamus statute or the Administrative Procedure Act. *Goumilevski v. Chertoff*, No. DKC-06-cv-3247 (D. Md. July 27, 2007) (holding that jurisdiction does not exist because the mandamus statute and the Administrative Procedure Act divest district courts of subject matter jurisdiction over any agency action committed to agency discretion by law and 8 U.S.C. § 1252(a)(2)(B)(ii) commits to agency discretion any action in immigration matters under sections §§ 1151-1378, which includes the pace of review of an I-485 application under §1255(a)).

Similarly, Judge Motz of this Court dismissed for lack of subject matter jurisdiction a petitioners' complaint seeking to compel agency action on a pending adjustment of status application under the mandamus statute, the Administrative Procedure Act, and the Declaratory Judgment Act, following Judge Chasanow's reasoning in *Goumilevski*. *Konoplev v. Chertoff*, No. JFM-06-cv-3415 (D. Md. Aug. 10, 2007).

---

[1] Petitioners also requested that the Court take action on Ms. Kesslers' Petition for Alien Relative, Form I-130, filed with the USCIS on June 16, 2005. Ms. Kessler's request for relief is MOOT because her I-130 was approved on July 26, 2007. *See* Defs.' Mot. Dismiss Ex. A.

-3-

The Court concurs with the opinions of Judges Chasanow and Motz. A district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute, the Administrative Procedure Act, or the Declaratory Judgment Act. Because the Court lacks subject matter jurisdiction, the relief sought by Petitioners under the Equal Access to Justice Act, i.e. awarding costs and fees to the prevailing party, is likewise unavailable.

Accordingly the case will be dismissed for lack of subject matter jurisdiction. A separate order will be ENTERED.

September 21, 2007

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE